

U S DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 3 2005

CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Gresham WORTH DIVISION

| | | |
|---|---|---|
| ROGER EUGENE GRESHAM, | § | |
| Movant, | § | |
| | § | CRIMINAL NO. 4:96-CR-036-A |
| VS. | § | (CIVIL NO. 4:05-CV-0144-L) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a purported petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 224 that has been construed as a motion for collateral relief pursuant to 28 U.S.C. § 2255.

### B. PARTIES

Movant Roger Eugene Gresham, Reg. No. 29072-077, is a federal prisoner incarcerated in the United States Penitentiary in Coleman, Florida.

The United States of America is Respondent. No service has issued upon Respondent.

### C. PROCEDURAL HISTORY

Following a jury trial, in which Gresham was found guilty of possessing an unregistered firearm (count one) and being a felon in possession of a firearm (count two), Gresham was sentenced

on August 30, 1996 to a term of 120 months on count one and 327 months on count two. *See* CM/ECF, Criminal Docket for Case # 4:95-CR-036-ALL, docket entries for May 21, 1996, August 30, 1996 & September 13, 1996. Gresham, incarcerated in Florida, initially filed what he labeled as a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, Tampa Division. By order dated February 17, 2005, United States District Judge James D. Whittemore construed the document as a motion seeking relief under 28 U.S.C. § 2255, and transferred the motion and associated pleadings to this court.[1] As Gresham's

---

[1] Gresham has not demonstrated that the Florida court erred in so construing his purported § 2241 petition. As recognized by that court, while § 2241 is the proper means to challenge the manner in which a sentence is executed, § 2255 is generally the proper means to challenge the validity of a conviction or sentence. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Toward that end, Gresham merely argues that because of the limitations on § 2255 motions, he has not been given a "reasonable opportunity to obtain a reliable judicial determination" of his claims. (Pet'r Memorandum at 4.) A prior unsuccessful § 2255 motion, or the inability to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *See Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Gresham also appears to argue that he is entitled to seek § 2241 relief under the § 2255 savings clause based on the subsequent change in the law as articulated in *Jones v. United States*, 529 U.S. 848 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Pet'r Memorandum at 5.) However, Gresham cites no authority that the Supreme Court has expressly declared those cases to be retroactive to cases on collateral review, and none has been found. *See United States v. Booker*, 125 S. Ct. 738, 769 (2004) (Op. by Breyer, J.) (expressly extending holding "to all cases on direct review"); *Schriro v. Summerlin*, 124 S. Ct. 2519, 2526 (2004) (holding *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases

(continued...)

underlying criminal case was previously reassigned to District Judge Sam A. Lindsay, this motion under 28 U.S.C. § 2255 was assigned to Judge Lindsay, and referred to the undersigned Magistrate Judge. *See* CM/ECF, Criminal Docket for Case # 4:95-CR-036-ALL, docket entry for September 12, 2002. By way of the motion, Gresham attacks one or both of his convictions and sentences on substantive grounds. (Federal Petition at 4-5; Pet'r Memorandum at 3.)

D. DISCUSSION

Gresham has filed one or more previous motions pursuant to § 2255. *See* CM/ECF, Criminal Docket for Case # 4:95-CR-036-ALL, docket entries for May 19, 1998, August 3, 1998, February 25, 1999 & April 5, 1999.[2] Before filing a successive motion, Gresham is required to obtain authorization from the Fifth Circuit Court of Appeals to file the successive motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255. Gresham has failed to obtain such authorization.

In conjunction with his § 2255 motion, Gresham also filed a Rule 60(b) motion, in which he raises a *Blakely* claim challenging his federal sentence(s). Because the motion seeks to set aside Gresham's sentence(s), it too is properly construed as a § 2255 motion filed without leave of court. *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

II. RECOMMENDATION

Therefore, it is recommended that Gresham's purported petition for writ of habeas corpus under § 2241 and Rule 60(b) motion, construed as successive § 2255 motions filed without authorization from the Fifth Circuit Court of Appeals, be dismissed for lack of jurisdiction.

---

[1](...continued)
on collateral review).

[2]Gresham has been warned and sanctioned by the Fifth Circuit Court of Appeals in at least one case for repetitively filing frivolous pleadings. *See Gresham v. Miles*, No. 03-41094, slip op. (5th Cir. Dec. 9, 2004) (not designated for publication).

3

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 24, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 24, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 3, 2005.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE